**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emad Zaki, | No. CV-16-01920-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Pediatric Specialists LLC, et al., | |
| Defendants. | |

On September 26, 2018, the Court granted in part and denied in part Defendants' motion for summary judgment.[1] (Doc. 128.) Specifically, the Court granted summary judgment in favor of Defendants on Counts I, II, III, and IV of Plaintiff's first amended complaint. The Court also granted summary judgment on Count VII as to Plaintiff's claim that Defendants failed to provide relief from excess on-call coverage by hiring an additional specialist, but denied summary judgment as to Plaintiff's allegations that Defendants failed to: (1) hire an additional physician specializing in pediatric nephrology, thereby causing him to be unable to use his accrued paid time off ("PTO"); (2) compensate for his unused PTO; (3) pay his base salary during the ninety-day termination notice period; and (4) pay him under Defendants' Physician Incentive Plan for 2014. (*Id.* at 12-14.)

On October 9, 2018, Defendants moved the Court to reconsider the portion of its

---
[1] Defendants refers to Banner Pediatric Specialists LLC, Banner Medical Group ("BMG"), and Banner Health Network.

order denying summary judgment. On October 25, 2018, Plaintiff filed a response to the motion for reconsideration. (Doc. 142.) For the reasons stated below, Defendants' motion is granted.

**I. Legal Standard**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.*

**II. Discussion**

Defendants argue that the Court committed clear error in finding that Plaintiff's "breach of implied covenant claim is untimely only if it was not brought within two-years after he knew or reasonably should have known the underlying facts." (Doc. 128 at 12.) The Court agrees.

Claims for breach of the implied covenant of good faith and fair dealing based solely on breach of an employment contract are subject to a one-year limitations.[2] *See*

---

[2] Claims for breach of the implied covenant of good faith and fair dealing generally are not analyzed as tort claims unless "the contract creates a relationship in which the law implies special duties not imposed on other contractual relationships." *Zenaty-Paulsen*, 2000 WL 33300666, at *19. Under Arizona law, employment contracts

*Zenaty-Paulsen v. McLane/Sunwest, Inc.*, No. 99-CV-PHX-RCB, 2000 WL 33300666, at *19 (D. Ariz. March 20, 2000) ("Plaintiff's claim for breach of covenant duplicates her claim for breach of employment contract, and it is time-barred pursuant to the one-year statute of limitations provided in A.R.S. § 12-541."); *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1156 (D. Ariz. 2016) ("However, although a two year statute of limitations applies to claims for breach of an implied covenant of good faith and fair dealing . . . because [the employee's] claim is based on a contract theory, a one year statute of limitations applies" under A.R.S. § 12-541), *aff'd*, 705 F. App'x 539 (9th Cir. 2017). Here, Plaintiff's implied covenant claim is based on the same facts as his claim for breach of employment contract. (Doc. 18 ¶¶ 101-118.) Therefore, it is subject a one-year statute of limitations.

Because Arizona applies the discovery rule, Plaintiff's breach of implied covenant claim is timely only if it was brought within one-year after he knew or reasonably should have known the underlying facts. The Court, in a prior order (Doc. 36), determined when Plaintiff knew or reasonably should have known the underlying facts to each of his breach of implied covenant claims.

> First, [Plaintiff's] claim that [Defendants] failed to compensate him for excess on-call coverage accrued on July 30, 2014, the last date upon which [Defendants] would have owed him compensation from excess on-call coverage. Second, [Plaintiff's] claim that [Defendants] failed to compensate him for unused PTO accrued, at the latest, by the end of 2014, the last year in which [Plaintiff] could have accrued PTO. Third, [Plaintiff's] claim that [Defendants] failed to pay him his base salary during the ninety-day termination notice period accrued no later than April 12, 2015, two weeks after his effective termination on March 29, 2015. Fourth, [Plaintiff] claims that [Defendants] failed to pay his 2014 PIP incentive, but that breach occurred sometime in April 2015, when [Defendants] paid PIP incentives to other physicians but not to [Plaintiff].

All four of these claims are untimely because Plaintiff filed his complaint on June 14, 2016, more than one year after he knew or reasonably should have known the underlying

---

create no such special duties between the employer and employee. *See Day*, 174 F. Supp. 3d at 1156 (finding employment contract did not create special duties from which the plaintiff could allege breach of implied covenant sounding in tort).

facts. Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 131) is **GRANTED**.

**IT IS FURTHER ORDERED** that, upon reconsideration, Defendants' motion for summary judgment (Doc. 111) is GRANTED in full. The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all claims and terminate this case.

Dated this 14th day of November, 2018.

Douglas L. Rayes
United States District Judge